IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CR-81-WKW |
| | ) | [WO] |
| TERRELL KING ARTHUR JOHNS | ) | |

## **ORDER**

In March 2020, Defendant was convicted on his guilty plea to one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Sentenced to 60 months' imprisonment in October 2021 (Doc. # 61), Defendant's projected release date is October 29, 2025. *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 12, 2023).

Under 18 U.S.C. § 3582(c)(1)(A)(i), Defendant has filed a *pro se* motion seeking an early release from federal prison based on what he contends are extraordinary and compelling reasons. (Doc. # 66.) The Government filed a response opposing his motion. (Doc. # 70.) Based upon a thorough review of the record, Defendant's motion will be denied.

First, the Government has invoked 18 U.S.C. § 3582(c)(1)(A)'s exhaustion rule, and Defendant has not shown that he has exhausted his administrative remedies. *See generally United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (Section

3582(c)(1)(A)'s "exhaustion requirement is not jurisdictional" but is "mandatory in the sense that a court must enforce [§ 3582(c)(1)(A)'s exhaustion requirement]" if the Government "properly raises it").

Second, Defendant has not established "extraordinary and compelling reasons" calling for his early release from prison. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). Defendant's asserted medical conditions (Doc. # 66 at 5), measured against COVID-19 contraction risks, cannot rise to the level of an extraordinary and compelling reason for a sentence reduction.[1] Defendant also has not shown that the medical staff at his designated facility is unable to provide adequate care for his health conditions. *See* 18 U.S.C. §3553(a)(2)(D); *see also United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing § 3553(a)(2)(D))). Furthermore, Defendant's reliance on his "exemplary behavior" and on "harsh times" resulting from restrictive prison conditions during the COVID-

---

[1] Fortunately, the Federal Correctional Institution, Victorville Medium II, where Defendant is incarcerated (Doc. # 73), has no active COVID-19 cases among its inmates and only one active case among its staff. See BOP COVID-19 Cases, available at https://www.bop.gov/coronavirus (last visited Jan. 12, 2023).

19 pandemic (Doc. # 66 at 5) are not proper grounds for compassionate release in the Eleventh Circuit. *See Bryant*, 996 F.3d at 1248.

Third, the balancing of the 18 U.S.C. § 3553(a) factors does not favor release.

Accordingly, it is ORDERED that Defendant's motion for compassionate release (Doc. # 66) is DENIED.

It is further ORDERED that Defendant's motion to appoint counsel to represent him on his motion for compassionate release (Doc. # 66 at 6) is DENIED.

DONE this 17th day of January, 2023.

                                       /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE